IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2007 NOV 21 P 3:02
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | |
|---|---|
| BRYAN L. TRAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORPORATION, et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:05-CV-269<br><br>Judge Dee V. Benson |

Before the Court is Plaintiff Bryan Travis's motion to remove Judge Benson and Judge Nuffer from this case. Construing Mr. Travis's pro se motion liberally, it appears that he has filed this motion pursuant to 28 U.S.C. §§ 144, 351, and 455, alleging that Judge Benson and Judge Nuffer have a personal bias or prejudice against him.

Title 28 U.S.C. § 455(a) provides that a federal judge must recuse himself "in any proceeding in which his impartiality might be reasonably questioned." In applying this standard, the Tenth Circuit looks to determine "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This is a purely objective standard. "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

The evidence that Mr. Travis cites to support his allegations of bias include: Judge Nuffer's Order granting Defendant's motion to allow use of a conference room in the Federal Courthouse to conduct Mr. Travis's deposition (Dkt. No. 109); Judge Nuffer's Order limiting Mr. Travis's requests for admissions to 100 (Dkt. No. 56); and Judge Benson's two denials of Mr. Travis's motion for partial summary judgment (Dkt. No. 62 and 79). These orders, however,

show no element of personal bias or prejudice. Judge Nuffer allowed the use of the Courthouse to conduct Mr. Travis's deposition to simply give the parties access to the Judge in case of any discovery disputes. Judge Nuffer's Order limiting requests for admission to 100 applies to both parties and has been equally enforced. Mr. Travis has filed two motions for partial summary judgment, both based on precisely the same grounds. Judge Benson held that although the assertions made by Mr. Travis were undoubtedly true in some cases, Mr. Travis failed to identify any legal issues suitable for resolution. Therefore, because Mr. Travis was "asking for a legal opinion on an abstract question entirely unconnected to any of the facts of his case," Mr. Travis's motions were denied. Order, January 5, 2007, Dkt. No. 62. An adverse ruling is not sufficient evidence of bias to "satisfy the requirements for disqualification" under § 144 or § 455. *Cooley*, 1 F.3d at 993.

The first inquiry in determining judicial impartiality is "whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Id.* (citing *United States v. Gipson*, 835 F.2d 1323, 1325 (10th Cir. 1988); *Willner v. University of Kansas*, 848 F.2d 1023, 1026-27 (10th Cir. 1988)). Mere speculation is not enough for disqualification. *Id.* Mr. Travis provides no facts to support his allegations that Judge Benson and Judge Nuffer have a personal bias or prejudice against him. Rather, he makes cursory and unsubstantiated claims that Judge Benson and Judge Nuffer have worked against him in an effort to deny him justice. Plaintiff's Motion for Disqualification, November 2, 2007, Dkt. No. 138.

The Tenth Circuit has stressed that "'section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias.'" *Id.* (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986). Tenth Circuit courts, therefore, "have identified various matters arising in cases involving §§ 144, or 455 ..., which will not ordinarily satisfy the requirements for disqualification ...." *Id.*

2

These include "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Id.* Mr. Travis has given no factual bases to support his motion. Accordingly, Mr. Travis's motion to disqualify Judge Benson and Judge Nuffer is DENIED.

IT IS SO ORDERED.

DATED this 19th day of November, 2007.

Dee Benson
United States District Judge