IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BRYAN L. TRAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORPORATION, et al., JOHN DOE 1<br><br>    Defendants. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:05-CV-269<br><br>Judge Dee Benson |

Before the Court is Plaintiff Bryan L. Travis's motion for summary judgment based on allegations that Park City's municipal code, both as written and as applied, constitutes a violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendants' refusal to allow him to display his art work in a public park is a violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff has also filed a motion for sanctions against Defendants and a motion to strike.

Defendants respond that under well-established Supreme Court precedent, which Park City has followed, Park City may regulate the display of Plaintiff's art work in public parks based on appropriate time, place, and manner restrictions. *See Ward v. Rock Against Racism*, 491 U.S. 781 (1989); *Central Hudson v. Public Serv. Comm'n.*, 447 U.S. 557 (1980). Defendants have filed a cross-motion for summary judgment.

**Factual Background**

On January 22, 2005, Plaintiff, accompanied by Paul Jakubowski, was displaying his art work in Miner's Park in Park City, Utah. *See* Videotaped Deposition of Bryan L. Travis

("Travis Deposition"), dated January 8, 2008, p. 10. *See also* First Amended Complaint, p. 6, Dkt. No. 5. While Plaintiff stood by his display, Mr. Jakubowski was painting Park City's Main Street. First Amended Complaint, p. 6. Both Plaintiff and Mr. Jakubowski were off the sidewalk and not obstructing pedestrian traffic. *Id*. Plaintiff was not engaged in open solicitation of his art work, although he would have accepted compensation for his art work had it been offered. Travis Deposition, p. 14.

Shortly after arriving in Miner's Park, Plaintiff and Mr. Jakubowski were approached by Officer Mark Schaerrer of the Park City Police Department. *Id*. at 30-35. Officer Schaerrer told them that they were not allowed to display or sell art work in the park without a permit. *Id*. He further stated that Mr. Jakubowski was not allowed to paint while in the park, and that if he wanted to paint Main Street he must do so from inside his vehicle. First Amended Complaint, p. 6. Officer Schaerrer never identified for Plaintiff or Mr. Jakubowski which Park City laws they were violating, he simply instructed them that they must pack up all of their art and leave the premises. Travis Deposition, p. 30-35. The two men were neither arrested nor detained by Officer Schaerrer, nor was their art work seized or confiscated. *Id*.

Three days later, on January 25, 2005, Plaintiff went to the Park City Planning Department to obtain a permit. Complaint (March 17, 2005), ¶ 17, Dkt. No. 3. Plaintiff alleges that he was told by a Park City employee that he would not receive approval in time to display his art work during the Sundance Film Festival – which ran from January 20, 2005 thru January 30, 2005 – because his application had to go before City Council. *Id*.

One year later, on January 24, 2006, Plaintiff without a permit went again to Miner's Park to display and sell his art work. Complaint (April 7, 2006), 2:06-CV-308, Dkt. No. 3, ¶ 14.

This time Plaintiff wore a gas mask while holding a sign that read "artist for free speech." *Id*. Plaintiff claims that this was an effort to protest Park City's "assault on artists and their expressive activity." *Id*. After protesting in the park for a few hours, Plaintiff was approached by a woman – later identified as Michelle Doward, a Park City employee – who told Plaintiff that he could only show his art work, but could not sell. Travis Deposition, p. 60-61. Ms. Doward did not confiscate or seize Plaintiff's art work, nor did she arrest or detain him.

Plaintiff alleges that the conduct of these Park City employees, in attempting to enforce the Park City Municipal Code, resulted in a violation of his constitutional rights. Plaintiff contends that his art work is protected speech under the First Amendment and Park City cannot regulate the display or sale of his art work in a public forum. He challenges, both facially and as applied, the constitutionality of Park City Municipal Code 4-3A-7 ("Sales Ordinance") and 15-4-15 ("Display Ordinance").

**Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure allows for the entry of summary judgment if the evidence in the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Tenth Circuit has explained that when applying this standard the court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). This does not mean, however, that the existence of a mere scintilla of evidence in support of the non-moving party's position is enough to overcome summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Unsubstantiated

allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992).

## Analysis

Plaintiff argues that it is for the Court to determine whether his art work is protected speech under the First Amendment. But that is not the issue presently before the Court. Defendants have conceded, for purposes of the present summary judgment motions, that Plaintiff's art work is protected speech under the First Amendment. *See* Defendants' Reply Memorandum, p. 11, Dkt. No. 172; Defendants' Memorandum in Support, p. 17, Dkt. No. 168. The question before the Court is whether the undisputed facts demonstrate that Defendants have impermissibly regulated or otherwise unconstitutionally abridged Plaintiff's constitutional rights.

Plaintiff claims the Defendants' ordinance and its efforts to enforce it violate: (1) his First Amendment right to speak in a traditional public forum; (2) his Fourth Amendment right against unlawful search or seizure; (3) his right of equal protection of the laws under the Fourteenth Amendment; (4) his substantive due process rights under the Fifth and Fourteenth Amendments; and (5) 42 U.S.C. § 1983.

**I.   First Amendment Claim**

Plaintiff contends that the regulations Park City imposes on the display and solicitation of art work in public forums constitute an improper restraint on protected speech in violation of the First Amendment. Plaintiff challenges Park City Municipal Code 15-4-15 ("Display Ordinance") and Park City Municipal Code 4-3A-7 ("Sales Ordinance"), both facially and as applied against him.

### A.     Park City Municipal Code 15-4-15 - Display Ordinance

Speech in public forums may be subject to reasonable time, place, and manner regulations. *Heffron v. Int'l Soc'y for Krishna Consciousness*, 452 U.S. 640, 647 (1981). To be constitutional such regulations must: (i) be content neutral; (ii) be narrowly tailored to serve a significant government interest; and (iii) leave open alternative channels for communication of the information. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). (quoting *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984)).

Park City requires anyone wishing to display art work on city owned property to first obtain a permit. In order to obtain a permit, the proposed display must comply with height and set-back requirements, with lighting regulations, with applicable building codes, contain no sale price, and must not create a hazard to the public due to sharp edges, moving parts, or extension into other public areas. PCMC 15-4-15. The purpose of this regulation is to promote the enjoyment of outdoor works of art while maintaining the "visual interest[] and economic vitality of Park City's Historic, resort-based community." *Id*.

This ordinance is an appropriate regulation of protected speech. It is content neutral. Park City does not consider the message of the display in determining who is issued a permit, nor does it discriminate between different types of art or artists. It is narrowly tailored to serve the significant government interests of maintaining order, safety, and economic vitality within the city. *See Ward*, 491 U.S. at 796; *Horton v. City of St. Augustine*, 272 F.3d 1318, 1333 n. 21 (11th Cir. 2001) (finding that restricting street performers in a certain area of the city served the significant government interests of ensuring the free flow of traffic and ensuring businesses and historical areas "unfettered ingress and egress"). It does nothing to foreclose alternative

channels to communicate the information. Requiring such a permit or license to engage in protected speech has been held to be a reasonable method of regulation. *See Cox v. State of New Hampshire*, 312 U.S. 569 (1941).

Plaintiff tries to make much of the fact that he attempted to obtain a permit to display his art work on January 25, 2005, but was told that he would not be able to get one by the end of the Sundance Film Festival, which ran from January 20, 2005 thru January 30, 2005. The city's response cannot be said to be unreasonable under these circumstances, where it is undisputed Plaintiff waited until the middle of the ten-day event to submit his request and where it is undisputed that all such applications require consideration by the Park City City Council. Park City's Display Ordinance, facially and as applied to Plaintiff, did not violate his First Amendment right of free speech.[1]

### B.   Park City Municipal Code 4-3A-7 - Sales Ordinance

Regarding Park City's Sales Ordinance, Defendants argue for the deferential analytical framework addressing commercial speech of *Central Hudson v. Public Serv. Comm'n*, 447 U.S. 557 (1980), because Defendants contend that Plaintiff's primary motivation in displaying his art work was to obtain a commercial advantage. Plaintiff responds that his primary motivation in displaying his art work was never to solicit commercial transactions. To the contrary, in 2005, Plaintiff's primary motivation in displaying his art was to convey his own artistic expressions.

---

[1] Facial challenges to ordinances of this type are "generally disfavored." *FW/PBS v. Dallas*, 493 U.S. 215, 223 (1990). Litigants raising such challenges "must establish that no set of circumstances exists under which the [challenged legislation] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiff has failed to meet such a standard here. The Display Ordinance is a valid regulation under *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

In 2006, Plaintiff's primary motivation in displaying his art was to protest. *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60 (1983). The fact that Plaintiff would have accepted money for his art work had it been offered, does not automatically transform his communications into commercial speech. *Bigelow v. Virginia*, 421 U.S. 809 (1975).

Even if the Court found that Plaintiff's speech is not commercial, it is not free from all government regulation. Even fully protected, non-commercial speech may be subject to reasonable time, place, and manner regulations. *Heffron v. Int'l Soc'y for Krishna Consciousness*, 452 U.S. 640, 647 (1981). The Park City Sales Ordinance, which regulates the exhibit of art for sale on public property, imposes reasonable regulations on protected speech. It requires an applicant to register to use city property by providing the applicant's name, address, and telephone number, the contact information of a person responsible for the art, and a brief description of the type of art to be displayed for sale. *See* PCMC 4-3A-7. Denial or revocation under the ordinance can only be made if the above criteria are not met, or if an applicant has been convicted of a crime involving fraud or has committed a felony within the past five years or has criminal proceedings pending against him for fraud or a felony. PCMC 4-2-9.

The requirements imposed by this ordinance are reasonable content neutral regulations narrowly tailored to further the significant government interests of maintaining the economic vitality of Park City and its historic areas. *See, e.g., Messer v. City of Douglasville*, 975 F.2d 1505, 1509 (11th Cir. 1992) ("A government has a more significant interest in the aesthetics of designated historic areas than in other areas."). Requiring itinerant artists to provide rather innocuous contact information as a condition to selling their art in public places is not an unconstitutional restraint on their right of free speech. Rather, it is a reasonable regulation that

ensures the safety of the public and the orderly flow of traffic and pedestrians in historic Park City. Even analyzing Plaintiff's conduct in displaying his art work under the rubric of fully protected, non-commercial speech, the Court finds that Park City Municipal Code 4-3A-7, as applied to Plaintiff and on its face, imposes reasonable regulations on protected speech.

## II.     Fourth Amendment Claim

A "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). None is alleged in this case. There was no seizure of Plaintiff or his art work. Plaintiff was not searched or restrained. He was simply asked to leave. Neither Officer Schaerrer's demand that Plaintiff pack up his belongings and leave Miner's Park nor Michelle Doward's order that Plaintiff not sell his art work, constitutes a violation of a federally protected interest within the meaning of the Fourth Amendment. Plaintiff's Fourth Amendment claim fails as a matter of law.

## III.    Equal Protection

To succeed on an equal protection claim, Plaintiff must prove that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff is not a member of any suspect class. He has failed to identify another similarly situated person who was intentionally treated differently. Rather, Plaintiff has simply stated general allegations of unequal treatment.

Plaintiff argues that the limited exceptions Park City provides to the permit requirement are a clear violation of equal protection. Park City Municipal Code 4-3-16 makes exceptions to the permit requirement for non-profit organizations, Boy Scouts, museums, and others. Park

City Municipal Code 4-3-10 imposes less restrictions on already existing Park City businesses to conduct outdoor sales than it does on itinerant artists. But none of these people or entities are similarly situated with Plaintiff. Moreover, there clearly exists a "rational basis for the difference in treatment" among these various groups. *Id*.

In response Plaintiff alleges that Park City holds an art festival every year in which it treats participating artists differently than him. Plaintiff's Motion for Summary Judgment, ¶ 13, Dkt. No. 128. Additionally, Plaintiff alleges that a man by the name of Bill Krantsover displays his art in Park City without a permit. *Id*. at ¶ 20. But such general allegations unsupported by facts are not enough to overcome summary judgment. *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992). Plaintiff has failed to present a material fact to support his equal protection claim, let alone a genuine dispute about such a fact. Plaintiff's Equal Protection claim fails.

**IV.     Due Process Claim**

The core concept of due process is the protection of the individual against arbitrary government action. *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). This arbitrary government action can take the form of a denial in procedural fairness or in the exercise of oppressive government power. Plaintiff argues that enforcement of the ordinances by Park City and its officials is a violation of his due process rights "regardless of fairness [sic] of procedures used to implement them." Plaintiff's Motion for Summary Judgment, p. 34, Dkt. No. 128. Therefore, it appears that Plaintiff is contending that Park City's enforcement of its municipal code with regard to the public display of itinerant art work is a violation of his substantive due process rights – not a procedural due process violation.

But "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Accordingly, because Plaintiff's claims are explicitly grounded in the text of other constitutional amendments – namely, the right of free speech under the First Amendment, the right to be secure in his person and effects under the Fourth Amendment, and the right of equal protection under the Fourteenth Amendment – he has failed to properly allege an independent substantive due process claim.  It is not necessary, therefore, to independently analyze Plaintiff's substantive due process challenge to Park City's executive action.

Nevertheless, even were the Court to independently analyze Plaintiff's substantive due process claim, Plaintiff has asserted no facts to support a finding in his favor.  When dealing with an allegation of abusive executive action, "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Cnty of Sacramento*, 523 U.S. at 846 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)).  It must be conduct "'that shocks the conscience' and violates the 'decencies of civilized conduct.'" *Id*.  None of the alleged conduct of any of the Park City employees even remotely supports such a finding.  Therefore, Plaintiff's substantive due process claim fails as a matter of law.

**V.    42 U.S.C. § 1983**

Section 1983 is the mechanism by which a person may enforce federal constitutional rights against state actors.  It requires a plaintiff to prove two elements: (1) that some person has deprived him of a federal right; and (2) that the person who deprived him of a federal right acted

under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As has been shown, Plaintiff's § 1983 claim founders on the first element because Plaintiff has failed to demonstrate a deprivation of a federal right. Furthermore, Plaintiff's argument that the actions of the Park City employees were inconsistent and sometimes inaccurate is an insufficient basis on which to bring a § 1983 claim.

A municipality will only be liable under § 1983 when the deprivation of a federally protected right is the result of the enforcement of an official municipal policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). In contrast, a municipality will not be liable under § 1983 for the mere negligence of its employees. *Id.* at 691.[2] Rather, it must be shown that the actions of the employees – which caused the constitutional violations – were the result of deliberate indifference on the part of the municipality with regarding to training and other conduct. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Plaintiff has presented no facts to support such a finding. Therefore, even accepting Plaintiff's argument that he received erroneous information from Park City employees, without any facts to support that this erroneous information was conveyed as the result of deliberate indifference on the part of Park City, Plaintiff's § 1983 claim fails.

## VI.    Plaintiff's Motion for Sanctions

In his opposition to Defendants' motion for summary judgment, Plaintiff requests that the Court impose sanctions against the Defendants for violations of the Federal Rules of Civil Procedure. Plaintiff argues that Defendants have withheld evidence, deliberately misstated facts,

---

[2]Stated differently, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

and have contradicted their Rule 36 answers, all in violation of Rule 11.  For example, Plaintiff alleges that Defendants acted in bad faith by stating in their motion for summary judgment that they did not know the name of Plaintiff's companion in Miner's Park on January 22, 2005.  Plaintiff points out that in his oral deposition he gave Defendants this information.  Furthermore, Plaintiff claims there are a number of facts which Defendants denied in their Rule 36 responses that they presently do not dispute.

But none of the violations that Plaintiff cites are material or amount to bad faith or other conduct that could give rise to the imposition of sanctions.  The accusation of withholding evidence pertains to the fact that Defendants have not included a copy of the video-taped deposition of Plaintiff to the Court, which shows that Plaintiff gave Defendants the name of Paul Jakubowski in his deposition.  But this is not material information as to whether Plaintiff's constitutional rights were violated.

With regard to Defendants' alleged contradictory answers from their Rule 36 responses to the current motion for summary judgment, Defendants have only conceded these facts for purposes of the summary judgment motion.  Defendants' Memorandum in Support, p. 8, Dkt. No. 168.  In other words, Defendants are arguing that even accepting the facts as stated by Plaintiff as true – for example, even if Officer Schaerrer did tell Plaintiff and Mr. Jakubowski that they could not paint in Miner's Park – there remains no genuine issue as to whether a constitutional violation occurred.  Therefore, Defendants argue, they are entitled to judgment as a matter of law.  Accordingly, Plaintiff's motion for sanctions is without merit and is denied.

**VII.     Plaintiff's Motion to Strike**

Plaintiff's motion to strike Defendants' Reply Memorandum is similarly without merit. Plaintiff argues that because Defendants failed to address in their Reply Plaintiff's motion for sanctions, which he raised in his Memorandum in Opposition, the Reply Memorandum must be stricken.  But a reply memorandum is filed at the discretion of the movant.  DUCivR 56-1(b). And while it must be "limited to rebuttal of matters raised in the opposing memorandum," it need not address all matters raised.  *Id*.  Therefore, the motion is denied.

## Conclusion

For the reasons stated above, Defendants' motion for summary judgment is GRANTED, while Plaintiff's motion for summary judgment is DENIED.  Plaintiff's motion for sanctions and motion to strike are likewise DENIED.  Furthermore, as a result of this decision, all outstanding motions are moot.

IT IS SO ORDERED.

DATED this 23rd day of May, 2007.

Dee Benson
United States District Judge